## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 05 2020, 9:32 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony C. Lawrence
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alfred Johnson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | August 5, 2020<br><br>Court of Appeals Case No.<br>19A-CR-3009<br><br>Appeal from the Madison Circuit Court<br><br>The Honorable Andrew R. Hopper, Judge<br><br>Trial Court Cause No.<br>48D03-0311-FB-481 |

**Baker, Senior Judge.**

[1] Alfred Johnson appeals the order requiring him to serve probation. Finding that his appeal is untimely and that, in any event, he is not entitled to relief, we affirm.

## Facts

[2] Following a February 2004 jury trial, Johnson was convicted of two Class B felonies and sentenced to twenty years with ten years suspended to probation. For a brief period in 2007, Johnson was placed in work release, but after he violated the terms of work release, he was re-incarcerated in March 2008. In March 2011, the trial court agreed that Johnson could be evaluated for entry into a reentry court program, noting that if Johnson were accepted, he would waive his right to post-conviction relief proceedings.[1] In April 2011, Johnson was accepted into the program. The reentry court noted that one of the requirements of the program was that Johnson report to probation as requested. Additionally, Johnson signed a form entitled "Probation Order/Specific Conditions of Sentence," which listed the terms of Johnson's probation, including a requirement that he successfully complete the reentry program. Tr. Ex. 2.

[3] In January 2012, the trial court was notified that Johnson had violated probation by absconding from the reentry program for longer than thirty days

---

[1] A "reentry court" is "a problem solving court that is focused on the needs of individuals who reenter the community after a period of incarceration and that may provide a range of necessary reintegration services for eligible individuals[.]" Ind. Code § 33-23-16-9.

and failing to comply with the program. The reentry court terminated Johnson from the program and referred the matter back to the trial court for further proceedings. The trial court found that by failing to comply with the reentry court program, Johnson had violated the terms of his probation. Consequently, the trial court issued a warrant for Johnson's arrest in January 2012. Johnson was not located and arrested until July 30, 2017.

[4] At the probation violation hearing on October 23, 2017, Johnson denied that he had signed a probation agreement and denied any knowledge that he had been on probation. He admitted, however, that he had signed the Probation Order/Specific Conditions of Sentence form. On January 22, 2018, the trial court issued an order finding that Johnson had been placed on probation when he entered the reentry court program in April 2011 and that he had violated the terms of probation by, among other things, failing to comply with that program. The trial court continued Johnson on probation under the existing terms and length of probation.

[5] A new notice of probation violation was filed on March 13, 2018. After Johnson failed to appear at the violation hearing on April 9, 2018, the trial court issued a warrant for his arrest. That warrant was served on July 5, 2019, and an initial hearing on the probation violation was held on July 8, 2019.

[6] On July 13, 2019, Johnson filed a motion to correct error with respect to the January 22, 2018, order. He argued that (1) he was not on probation because after it was revoked in March 2008, the trial court never issued a new order

placing him on probation again; (2) he was unaware that he was on probation at the time he was in the reentry court program; and (3) at the hearing resulting in the January 2018 order, Johnson was not advised of the terms of his probation. In November 2019, the trial court issued an order on Johnson's motion to correct error, correcting the number of days he would serve on probation, advising him anew of the terms of his probation, and dismissed the alleged violations that occurred following the January 2018 order.[2] Johnson now appeals.

## Discussion and Decision

[7] It is not entirely clear what order Johnson's motion to correct error was attempting to correct. We infer from the course of proceedings that he was focused on the January 22, 2018, order continuing him on probation. To the extent that is accurate, this appeal is untimely. *See* Ind. Appellate Rule 9(A)(1) (party must appeal a final judgment within thirty days of entry unless a timely motion to correct error is filed); Ind. Trial Rule 59(C) (motion to correct error must be filed within thirty days of the entry of final judgment). As Johnson did not file his motion to correct error until nearly eighteen months later, that motion and this appeal are untimely.

---

[2] It is not entirely clear from the order whether the trial court granted or denied the motion to correct error. But the relief requested by Johnson was, in part, a request to amend the part of the January 2018 order finding that Johnson was on probation while in the reentry court program. As the trial court did not grant this requested relief, we infer that it at least denied the motion to correct error in part.

[8] Additionally, we note that even if we were to give Johnson the benefit of every doubt, in its November 2019 order, the trial court (1) corrected any potential error with respect to a failure to advise Johnson of the terms of his probation by advising him of those terms anew; and (2) corrected any harm to Johnson that could have resulted from the alleged error by dismissing the probation violations filed following the January 2018 order.

[9] To the extent that Johnson argues that his agreement to waive his right to pursue post-conviction proceedings prohibited the trial court from finding that he was on probation while participating in the reentry court program, we disagree. The day that Johnson was accepted into the reentry court program, he signed a document entitled "Probation Order/Specific Conditions of Sentence," which clearly states that he understood that he would be on probation and that participation in the program was a condition of his probation. Tr. Ex. 2. The fact that Johnson waived his right to pursue post-conviction proceedings has no bearing on whether or not he was on probation, nor did it somehow vacate the balance of his sentence. Therefore, this argument is unavailing.

[10] The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.